Jeff Barber
Barber & Associates, LLC
540 E 5th Ave.
Anchorage, AK 99501
(907) 276-5858
jeffb@alaskainjury.com
Attorneys for Plaintiffs

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| DIMITRI SHEIN, as father and guardian of J.S., M.M.S, and M.A.S. (minors) and V.S.,<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICAN CASUALTY COMPANY OF READING, PA,<br><br>Defendant. | FILED in the Trial Courts<br>State of Alaska Third District<br><br>AUG 22 2022<br><br>Clerk of the Trial Courts<br>By_____Deputy |

Case No.

## COMPLAINT

COMES NOW the plaintiffs, DIMITRI SHEIN, as father and guardian of J.S., M.M.S. and M.A.S. (minors) and V.S., by and through their attorneys, BARBER & ASSOCIATES, LLC, and for their complaint against defendant AMERICAN CASUALTY COMPANY OF READING, PA does state and allege as follows:

1. At all times material hereto, plaintiffs were and are residents of Anchorage, Alaska.

4328/01 Complaint
Shein v American Cas. Co. of Reading, PA
Page 1

Case 3:22-cv-00227-JMK   Document 1-1   Filed 10/18/22   Page 1 of 7

2. At all times material hereto, defendant American Casualty Company of Reading, PA was and is an Illinois insurance company doing business in Anchorage, Alaska.

3. The defendant is responsible for the actions and/or failures to act of its employees under the theories of respondeat superior and/or agency and/or vicarious liability.

4. Dimitri Shein is the father of V.S., J.S., M.M.S. and M.A.S.

5. J.S., M.M.S. and M.A.S. are minor children.

6. On 11/18/19, the plaintiffs sued Deborah Graham alleging, *inter alia*, that her negligence and/or gross negligence were substantial factors in causing harm to V.S., J.S., M.M.S. and M.A.S. during her evaluations and/or treatments and/or testing performed on 5/10/13 and/or 1/9/14 and/or 7/28/14.

7. The plaintiffs also alleged breach of contract, breach of the covenant of good faith and fair dealing, intentional misrepresentation, conspiracy, aiding and/or abetting to commit fraud, and defective products.

8. Ms. Graham was insured during 2013 and 2014 by the defendant.

9. Ms. Graham, through her counsel, timely tendered the claims made by the plaintiffs to the defendant.

10. The defendant had a duty to reasonably investigate the claims made by the plaintiffs against Ms. Graham.

4328/01 Complaint
Shein v American Cas. Co. of Reading, PA
Page 2

Case 3:22-cv-00227-JMK   Document 1-1   Filed 10/18/22   Page 2 of 7

11. The claims made by the plaintiffs against Ms. Graham involved massage therapy services to the extent that the treatment included a type of muscle testing which purported to detect ailments, abnormalities, and sensitivities akin to allergies based on the patient's physiologic responses to touching and stimulation by the practitioner's hands in conjunction with a test kit.

12. Claims made by the plaintiffs against Ms. Graham were covered by the defendants' policy.

13. The defendant had a duty to defend the claims made by the plaintiffs against Ms. Graham.

14. On 12/31/19, the defendant, through its counsel, denied coverage for the claims made by the plaintiffs against Deborah Graham.

15. Ms. Graham, through her attorney, submitted additional information to the defendant's counsel.

16. The plaintiffs, through their attorney, submitted additional information to the defendant's counsel.

17. On 3/3/20, the defendant, through its counsel, again denied coverage for the claims made by the plaintiffs against Ms. Graham and asserted, *inter alia*, that the claims did not constitute massage therapy.

18. The defendant declined to provide any defense of the claims made by the plaintiffs against Ms. Graham.

19. The defendant declined to defend any claim under a reservation of rights.

20. Ms. Graham incurred fees and expenses in defense of the plaintiffs' claims against her.

21. On 7/18/22, Ms. Graham agreed to a confession judgment regarding the claims made by the plaintiffs against her.

22. On 8/8/22, the Anchorage Superior Court entered final judgments against Ms. Graham in favor of the plaintiffs in the amount of $200,000.00.

23. The defendant's denial of coverage for the plaintiffs' claims against Ms. Graham was a substantial factor in causing Ms. Graham to suffer serious emotional distress, anxiety, and inconvenience.

24. Ms. Graham assigned her claims against the defendant to the plaintiffs.

25. The defendant was obligated to promptly and fairly investigate, evaluate and pay the plaintiffs' claim against Ms. Graham.

26. The defendant's adjusters were obligated to be objective, even-handed and unbiased in their investigation, evaluation and payment of the plaintiffs' claim against Ms. Graham.

27. The defendant's adjusters were obligated to treat Ms. Graham's interests with equal regard as the insurer's own interests.

28. The defendant's adjusters were not permitted to put the insurers interests ahead of the Ms. Graham's interests.

29. The defendant was required to reasonably adjust the plaintiffs' claims against Ms. Graham.

30. The defendant was obligated to defend and/or indemnify the plaintiff's claims against Ms. Graham pursuant to their contract of insurance.

31. The defendant unreasonably investigated the plaintiffs' claims against Ms. Graham.

32. The defendant unreasonably evaluated the plaintiffs' claims against Ms. Graham.

33. The defendant lacked a reasonable basis for denying coverage for the plaintiffs' claims against Ms. Graham.

34. On information and belief, the lawyers employed by the defendant to evaluate whether plaintiffs' claims against Ms. Graham were covered under Alaska law were not licensed to practice Alaska law.

35. The defendant was not objective, unbiased, and even-handed in its investigation, evaluation and payment of the plaintiffs' claims against Ms. Graham.

36. The defendant unreasonably adjusted the plaintiffs' claims against Ms. Graham.

37. The defendant's denial of the plaintiffs' claims against Ms. Graham was malicious, unconscionable and motivated by financial gain.

38. The defendant breached its contract by failing to provide any coverage or defense of the plaintiffs' claims against Ms. Graham which was a substantial factor in causing harm for which the defendant is liable to the plaintiffs.

39. The defendant is liable for breach of the covenant of good faith and fair dealing.

40. The defendant's conduct evidenced reckless disregard for the interests of another and/or was outrageous.

41. The defendant is liable for economic and non-economic losses including the cost of defending the claim, payment of the claim, emotional distress, frustration, anxiety, suffering, inconvenience and other non-pecuniary damages to be more fully set forth at trial, all in an amount greater than $100,000.00 (ONE HUNDRED THOUSAND DOLLARS), the exact amount to be set by the trier of fact.

42. The defendant is liable for punitive and/or exemplary damages.

WHEREFORE, having fully pled plaintiffs' complaint, the plaintiffs request a judgment against the defendant for an amount greater than $100,000.00 (ONE HUNDRED THOUSAND DOLLARS) to be established by the trier of fact, plus interest, costs and attorney fees and such other relief as the court deems just.

DATED at Anchorage, Alaska this 19TH day of August, 2022.

BARBER & ASSOCIATES, LLC
Attorneys for Plaintiffs

By: _____
JEFF BARBER
AK Bar #0111058

4328/01 Complaint
Shein v American Cas. Co. of Reading, PA
Page 7